**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LYDIA VARGAS, | No. CIV S-05-1138 MCE CMK |
|     Plaintiff, | |
|   vs. | FINDINGS AND RECOMMENDATIONS |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY, | |
|     Defendant. | |
| _____/ | |

      Plaintiff, who is represented by counsel, brings this action for judicial review of a final decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). On June 8, 2005, plaintiff sought permission to proceed in forma pauperis and lodged a complaint with the court. On June 24, the court granted plaintiff's request to proceed in forma pauperis and ordered plaintiff to submit to the Untied States Marshal Service a completed summons and copies of the complaint. (Doc. 6.) Plaintiff was also directed to file a statement with the court that said documents had been submitted to the United States Marshal. (See id.)

///

///

1

On July 20, 2005, the plaintiff submitted to the court a copy of the summons, which was not completed. (Doc. 9.) The copy of the summons was not accompanied by any statement that a completed summons had been submitted to the United States Marshal.

On October 28, 2005, the court issued an order directing the clerk to reserve a copy of the summons and the scheduling order on plaintiff. (Doc. 15.)[1] Plaintiff was also ordered to file a signed statement that the documents were submitted to the United States Marshal Service within fifteen days from the date the order was filed. Plaintiff failed to submit a statement that he had submitted the required documents to the United States Marshal.

On November 17, 2005, the court issued an order directing plaintiff's attorney to show cause, in writing, within twenty days of the date of service of the order, why this case should not be dismissed for lack of prosecution and failure to comply with rules and court orders. To date, plaintiff's attorney has not responded to the order to show cause.

An inquiry of the United States Marshal Service reveals that plaintiff has not yet submitted the documents required for service; however, the United States Marshal Service informed the court that plaintiff had contacted the United States Marshal around December 15, 2005 and stated that he would mail the appropriate paperwork.

The court must weigh five factors before imposing the harsh sanction of dismissal. See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on their merits;

---

[1] The court contacted plaintiff's attorney by telephone to inquire about the status of the summons. Plaintiff's counsel repeatedly informed the court that he did not have to do anything concerning serving defendant because plaintiff had been granted in forma pauperis status. Plaintiff's attorney also repeatedly expressed distress over the recent death of Rosa Parks. Several attempts to explain that plaintiff had to submit the required documents to the United States Marshal Service were unsuccessful. Accordingly, the court issued the October 28, 2005 written order.

and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure to follow local rules. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).

Having considered these factors, and in light of plaintiff's failure to prosecute this action in compliance with court rules and orders, the court finds that dismissal is appropriate.

Based on the foregoing, the undersigned recommends that this action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fifteen** days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 28, 2005.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE